### Bennett v. Lindberg

*Mark S. Galper,* for plaintiff.
*Jeffrey W. Whiteko,* for defendants.

ACKERMAN, *J.,* November 6, 1990 — Is plaintiff, Frank J. Bennett, entitled to an accounting of partnership assets as of December 31, 1986?

## FINDINGS OF FACT

(1) In January 1985, plaintiff and defendants formed a partnership known as Fayette Interiors Systems. The partnership was in the business of performing interior and exterior finishing in the construction of buildings and homes, including work with stucco, plaster and dry wall, and similar type of construction work, as well as some general contracting.

(2) At no time either prior to or during the existence of the partnership did the partners enter into a written partnership agreement. Instead, the parties acted pursuant to an oral agreement and oral understanding as to the nature and terms of their partnership.

(3) It was agreed by and between the parties that they would each have a one-third ownership interest in the partnership, and that each of them would be compensated equally during the operation of the partnership business.

(4) The partnership operated for period of approximately two years during which time the partnership contracted to perform various jobs and was paid for those jobs.

(5) During the operation of the partnership, the partnership books and records were maintained by defendant Thomas C. Shetterly, who maintained the partnership checking account with the assistance of his wife, who was at various times an employee of the partnership.

(6) The checking account books and records were kept at the home of defendant Thomas C. Shetterly. Generally, either Thomas Shetterly or his wife would write out checks from the partnership account to pay for bills and invoices for which the partnership was liable and also generally made out the checks to each of the partners for their compensation and for reimbursement for amounts advanced by the partners in the operation of the partnership business.

(7) During the existence of the partnership, the partners maintained a checking account at Gallatin National Bank, account no. 34-71094, in the name of Fayette Interiors Systems, which account was opened on January 28, 1985.

(8) During the existence and operation of the partnership, the partnership acquired various tools, supplies, equipment, vehicles and other assets which were assets of the partnership.

(9) In November 1986, plaintiff notified defendants that he wished to cease his relationship with the partnership, and that he would continue to work with the partnership and remain as a partner until December 31, 1986, to assist the partnership in completing various jobs which had been awarded to the partnership. Defendants agreed and plaintiff continued as a partner and to work for the partnership through December 31, 1986.

(10) As of December 31, 1986, the partnership had assets and accounts receivable, including, but not limited to the partnership checking account; a 1986

Ford F-150 truck which was half-owned by the partnership and half-owned by defendant Jay A. Lindberg; a 1986 Ford truck, which was owned by the partnership and which was purchased from Davies and Tregembo Ford Inc. in November 1986; various and miscellaneous tools and equipment which had been purchased by the partnership with partnership funds or which had been donated to the partnership at various times by the partners; various accounts receivables for amounts due and owing to the partnership by various persons or entities for work performed by Fayette Interiors Systems between January 1, 1985, and December 31, 1986, for which the partnership had not been paid or had not been paid in full.

(11) The business of Fayette Interiors Systems continued to be operated by the defendants after December 31, 1986, who continued to receive funds for work performed prior to December 31, 1986, and continued to use partnership assets to operate the business.

(12) Defendants have not rendered an accounting to plaintiff nor has there been a liquidation of partnership assets or a distribution of profits, nor have there been any other acts taken to wind up the affairs of the partnership, or to dissolve the partnership.

## CONCLUSIONS OF LAW

(1) The partnership known as Fayette Interiors Systems was dissolved as of December 31, 1986, by operation of law, when plaintiff left the business.

(2) Plaintiff is entitled to an accounting from defendants with regard to partnership assets, debts and liabilities.

## DISCUSSION

The dissolution of partnerships and the right of a partner to an accounting are governed by statute. The Partnership Code provides that dissolution will occur when any or all of the partners express a will to dissolve the partnership. 15 Pa.C.S. §8353. In fact, dissolution is defined as "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business." 15 Pa.C.S. §8351. This partnership, which operated as Fayette Interior Systems, was dissolved December 31, 1986, when the plaintiff left the business.

Further, the Partnership Code provides:

"The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business at the date of dissolution in the absence of any agreement to the contrary." 15 Pa.C.S. §8365.

There being no proof of any agreement to the contrary, plaintiff's right to an accounting is absolute. Defendants' argument that plaintiff has lost his right to an accounting because of his poor performance as a partner, or because he did not seek to enforce the right earlier, is not supported by case law or the code.

## ORDER

And now, November 6, 1990, pursuant to Pennsylvania Rule of Civil Procedure 1530(b), defendants are directed to file an account with the court by January 15, 1991.